314

No. 52314.—Pan Atlantic, Inc., et al. v. United States, protests 131123–K, etc. (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 52315.—S. S. Pierce Co. and Romanes & Paterson v. United States. protests 52469–K and 52466–K (Boston).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See John Barr v. United States, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 52316.—Copeland & Thompson, Inc. v. United States, protest 56426–K (San Francisco).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See John Barr v. United States, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

No. 52317.—A. W. Fenton Co. (Smith & Nephew, Inc.) v. United States, protest 57471–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See John Barr v. United States, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the